OHIO SECURITY INSURANCE
COMPANY,

               Plaintiff,

    v.

AXIS INSURANCE COMPANY,

               Defendant.

CASE NO. C15-5698 BHS

ORDER RENOTING AND
RESERVING RULING ON THE
PARTIES' CROSS-MOTIONS FOR
SUMMARY JUDGMENT AND
REQUESTING PROPOSED
QUESTIONS FOR
CERTIFICATION

This matter comes before the Court on the cross-motions for summary judgment of Plaintiff Ohio Security Insurance Company ("Ohio Security") and Defendant Axis Insurance Company ("Axis"). Dkts. 19, 22. The procedural history and factual background of this case are set forth in large part in the Court's previous order on the present cross-motions for summary judgment. *See* Dkt. 35.

On June 1, 2017, the Court held oral argument on the outstanding issues of the "selective tender" rule and the statute of limitations. Dkt. 43. Pursuant to that hearing the Court will reserve ruling on the selective tender issue for five (5) months to allow the parties to pursue settlement negotiations.

However, the Court has also concluded that the statute of limitations question should be certified to the Washington Supreme Court. For the reasons stated in its previous order, the Court is inclined to find that under RCW 4.28.080(7)(a) and RCW 48.05.200(1) service on an authorized foreign insurer may only be had through service on

Washington State's Insurance Commissioner. *See* Dkt. 35. However, such a ruling would appear to contradict the holdings of two on-point decisions from the Washington State Courts of Appeals, regardless of the fact that those decisions do not appear to address the exclusivity clause of RCW 48.05.200. Such circumstances are exactly the type which call for certification under RCW 2.60.020. The Court sees no reason why the certification should not be made now, as the certification process takes time and will not prejudice the parties' positions for settlement negotiations in the meantime. As it stands, the Court sees the question for certification as follows:

Do RCW 4.28.080(7)(a), RCW 48.02.200, and RCW 48.05.200 establish service through the Washington State Insurance Commissioner as a uniform and exclusive means of service for authorized foreign or alien insurers in Washington State?

Before certifying the question, the Court will afford the parties the opportunity to address whether the question for certification should be otherwise stated. The parties may submit simultaneous briefing that includes their proposed questions for certification no later than June 16, 2017. The briefing shall not exceed five (5) pages.

The Clerk shall **RENOTE** the parties' cross-motions for summary judgment (Dkts. 19, 22) for consideration on November 3, 2017.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge