UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>     Plaintiff,<br><br> v.<br><br>AXIS INSURANCE COMPANY,<br><br>     Defendant. | CASE NO. C15-5698 BHS<br><br>ORDER CERTIFYING QUESTION TO THE WASHINGTON STATE SUPREME COURT |

This matter comes before the Court on the cross-motions for summary judgment of Plaintiff Ohio Security Insurance Company ("Ohio Security") and Defendant Axis Insurance Company ("Axis"). Dkts. 19, 22. The procedural history and factual background of this case are set forth in large part in the Court's previous order on the present cross-motions for summary judgment. *See* Dkt. 35.

On June 1, 2017, the Court held oral argument on the outstanding issues of the "selective tender" rule and the statute of limitations. Dkt. 43. On June 7, 2017, the Court issued an order stating that it would certify the statute of limitations question to the Supreme Court of Washington State. Dkt. 44. The Court briefly summarizes the statute of limitations question as follows:

For the reasons stated in its previous order, the Court is inclined to find that RCW 4.28.080(7)(a) and RCW 48.05.200(1) designate service through the Washington State

Insurance Commissioner as an exclusive means of service on an authorized foreign insurer operating in Washington State. *See* Dkt. 35. If this is indeed the case, Ohio Security's claim for equitable contribution is barred by the applicable statute of limitations as to certain payments made by Ohio Security for the benefit of the insured. However, it appears that such a ruling would contradict the holdings of two on-point decisions from the Washington State Courts of Appeal regarding the available methods for service on alien insurers, regardless of the fact that those decisions do not appear to address the exclusivity clause of RCW 48.05.200.

On June 7, 2017, the Court entered an order offering a proposed question for certification and requesting that the parties submit additional briefing on whether the question should be otherwise stated. Dkt. 44. The parties have since submitted supplemental briefs stipulating that the Court's proposed question accurately reflects the question to be answered. Dkts. 45, 46. Therefore, the following question is hereby **CERTIFIED** to the Washington State Supreme Court:

> Do RCW 4.28.080(7)(a), RCW 48.02.200, and RCW 48.05.200 establish service through the Washington State Insurance Commissioner as a uniform and exclusive means of service for authorized foreign or alien insurers in Washington State?

This Court does not intend its statement of the question to restrict the Washington State Supreme Court's consideration of any issue that it may determine is relevant. Should the Washington State Supreme Court decide to consider the certified question, it may in its discretion reformulate the question. *See Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).

| | |
|---|---|
| 1 | The Clerk of Court is directed to submit to the Washington State Supreme Court |
| 2 | certified copies of this order; a copy of the docket in the above-captioned matter; and |
| 3 | Docket Numbers 1, 1-2, 9, 19–33, 35, 36, 38, 40, 41, 44–46. The record so compiled |
| 4 | contains all matters in the pending case deemed material for consideration of the question |
| 5 | certified for answer. In accordance with RAP 16.16(e)(1), which states that "[t]he federal |
| 6 | court will designate who will file the first brief," the Court designates Defendant Axis |
| 7 | Insurance Company as the party who will file the first brief in the Washington State |
| 8 | Supreme Court on the certified question. The parties are referred to state RAP 16.16 for |
| 9 | additional information regarding procedures upon review of the certified question. The |
| 10 | Clerk of the Court shall notify the parties within three days after the above-described |
| 11 | record is filed in the Washington State Supreme Court. |
| 12 | The Court **STAYS** this action (including Dkts. 19 and 22) until the Washington |
| 13 | State Supreme Court answers the certified question. Of course, nothing in this order |
| 14 | should be construed to prevent the parties from pursuing the resolution of this case |
| 15 | through settlement negotiations. |
| 16 | **IT IS SO ORDERED.** |
| 17 | Dated this 20th day of June, 2017. |

BENJAMIN H. SETTLE
United States District Judge