UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AXIS INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C15-5698 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on the cross-motions for summary judgment of Plaintiff Ohio Security Insurance Company ("Ohio Security") and Defendant Axis Insurance Company ("Axis"). Dkts. 19, 22. Also before the Court as Ohio Security's motion for leave to file an amended complaint. Dkt. 60 at 5. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby (1) grants in part and denies in part Ohio Security's motion for summary judgment; (2) grants in part and denies in part Axis's motion for summary judgment; and (3) denies without prejudice Ohio Security's motion for leave to amend.

## I. FACTUAL BACKGROUND

This case concerns insurance coverage for a building located at 9625 32nd Ave. S., Lakewood, Washington, that is used to store ice. In May 2011, Grosso Enterprises

Tacoma, LLC ("Grosso") leased the building to Reddy Ice Corporation ("Reddy Ice") for a period of ten years. *See* Dkt. 21-1. On January 20, 2012, a snowstorm caused the building's roof to become overloaded and collapse. Thereafter, Reddy Ice tendered an insurance claim to Axis and Grosso tendered an insurance claim to Ohio Security. The Axis insurance policy, issued to Reddy Ice as the "Named Insured," covered a period from August 25, 2011, to August 25, 2012. Dkt. 21-2. The Ohio Security policy was issued to Grosso and covered a period from May 17, 2011, to May 17, 2012. Dkt. 20-1. Both insurance companies began investigating the loss after claims were tendered from the respective insureds.

In December 2012, Axis retroactively issued an endorsement to Grosso naming him as an additional insured under the Axis policy. Dkt. 21 at 2. The endorsement's effective date was August 25, 2011, and covered the same period as the Axis policy, ending on August 25, 2012. Dkt. 25 at 4.

In providing coverage for the damaged building, Ohio Security issued the following payments to Grosso:

> May 5, 2012........................$250,000
>
> June 6, 2012........................$551,743.87
>
> October 3, 2013..................$71,838.81
>
> November 21, 2013............$920,504.42

Dkt. 21-3. Ohio Security now seeks contribution from Axis based on Grosso's status as an additional insured under Reddy Ice's policy with Axis.

## II. PROCEDURAL HISTORY

On January 16, 2015, Ohio Security filed a complaint in Pierce County Superior Court, bringing a claim against Axis for equitable contribution. Dkt. 1-3 at 2. Ohio Security claims that it is entitled to equitable contribution from Axis on its payments to Grosso in order to rebuild the building that collapsed. Dkt. 1-2.

On January 28, 2015, Ohio Security caused the summons and complaint to be served on Edith Green, an employee of Axis, at Axis's registered address for service of process on file with the state's insurance commissioner. Dkt. 1-3 at 13–14. On August 7, 2015, Axis filed an answer to the complaint, wherein Axis asserted that Ohio Security failed to properly serve Axis and that the Court lacked personal jurisdiction over Axis. *Id.* at 48. Then, on August 25, 2015, Axis moved to dismiss on the grounds of insufficiency of service of process. *Id.* at 51–58. On August 28, 2015, Ohio Security again served the summons and complaint, this time on the insurance commissioner. *Id.* at 175–76.

On September 28, 2015, Axis removed the case to federal court, before the motion to dismiss was addressed by the Superior Court. Dkt. 1. On October 5, 2017, Axis filed its answer, again arguing that it was not properly served until August 28, 2015, and that Ohio Security therefore failed to commence its lawsuit within the statute of limitations, at least as it applied to $801,743.87 of Ohio Security's contribution claim for payments issued to Grosso prior to August 28, 2013. Dkt. 9.

On March 9, 2017, the parties filed their cross-motions for summary judgment and supporting declarations. Dkts. 19–25. On March 27, the parties filed their responses. Dkts. 26, 29. On March 31, 2017, the parties filed replies. Dkts. 30, 31.

On May 3, 2017, the Court entered an order with a partial ruling on the cross-motions for summary judgment, requested supplemental briefing, and scheduled oral argument. *See* Dkt. 35. On May 11, 2017, Grosso sent a letter to Axis stating its intent to "tender" a claim to Axis arising from the roof collapse, while simultaneously maintaining that "notice" or "tender" under the insurance policy had already been given. Dkt. 36-2. On June 1, 2017, the Court held oral argument on the outstanding issues of the "selective tender" rule and the statute of limitations. Dkt. 43. On June 7, 2017, the Court issued an order stating that it would certify the statute of limitations question to the Supreme Court of Washington State. Dkt. 44.

On March 22, 2018, the Washington State Supreme Court issued its opinion answering the certified question in the affirmative: "RCW 4.28.080(7)(a) and RCW 48.05.200(1) establish service through the Insurance Commissioner as the exclusive means of service for authorized foreign or alien insurers in Washington." *Certification from United States Dist. Court for W. Dist. of Washington in Ohio Sec. Ins. Co. v. Axis Ins. Co.*, No. 94677-9, — P.3d — (Wash. Mar. 22, 2018). On March 29, 2018, the Court therefore lifted the stay entered on June 20, 2017, and requested that the parties file a joint status report and supplemental briefing in light of the Supreme Court's decision. Dkt. 56.

On April 19, 2018, the parties filed the requested joint status report. Dkt. 58. On April 20, 2018, the parties filed their supplemental briefs. Dkts. 59, 60. On April 25, 2018, Axis filed a surreply. Dkt. 62. On April 27, 2018, Ohio Security also filed a surreply. Dkt. 63

## III. DISCUSSION

The Court has already resolved the majority of the questions of law raised in the parties' motions as they pertain to the interpretation of the applicable insurance policy issued by Axis and the lease agreement between Reddy Ice and Grosso. Dkt. 35. Remaining before the Court are issues pertaining to the "selective tender" rule and the applicable statute of limitations.

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The parties' disputes revolve on the construction of the Ohio Security and Axis insurance policies and the meaning of the lease agreement between Grosso and Reddy Ice. The interpretation of insurance policies and lease agreements is generally a question of law to be decided by the court. *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171 (2005); *Duvall Highlands LLC v. Elwell*, 104 Wn. App. 763, 771 n.18 (2001). However, where a material provision of a contract is ambiguous, "[d]etermining a contractual term's meaning involves a question of fact and examination of objective manifestations of the parties' intent." *Martinez v. Miller Indus., Inc.*, 94 Wn. App. 935, 943 (1999).

**B.      Equitable Contribution and Selective Tender**

Ohio Security has advanced a single claim against Axis for equitable contribution. "In the context of insurance law, contribution allows an insurer to recover from another insurer where both are independently obligated to indemnify or defend the same loss." *Wellman & Zuck, Inc. v. Hartford Fire Ins. Co.*, 170 Wn. App. 666, 679 (2012) (quoting *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wn.2d 411, 419 (2008)). For two policies to cover the same loss, the "polic[ies] must insure [1] the same property and [2] the same interest [3] against the same risk . . . ." *Kirkland v. Ohio Cas. Ins. Co.*, 18 Wn. App. 538, 545 (1977). Additionally, for the policies to cover the same loss, they must run to the same insured because "[e]quity provides no right for an insurer to seek contribution from another insurer who has no obligation to the insured." *Mut. of Enumclaw Ins. Co.*, 164 Wn.2d at 420.

The Court has already determined in its previous orders on summary judgment that the Axis policy covered the same loss as the Ohio Security policy to the extent that Reddy Ice had an insurable interest in the subject property under the terms of its lease agreement. The sole outstanding issue on the merits of Ohio Security's contribution claim, other than Axis's statute of limitations partial affirmative defense, is whether the "selective tender" rule bars Ohio Security's claim. Under the selective tender rule, "equitable contribution claim by one co-insurer against another cannot arise until after an insured has tendered a claim to the co-insurer from whom contribution is sought." *Axis Surplus Ins. Co. v. James River Ins. Co.*, 635 F. Supp. 2d 1214, 1220 (W.D. Wash. 2009) (citing *Mut. of Enumclaw Ins. Co.*, 164 Wn.2d at 421). *See also XL Specialty Ins. Co. v. Progressive Cas. Ins. Co.*, 411 Fed. Appx. 78, 81 (9th Cir. 2011) ("The rule states that for two insurers to have a common obligation, the insured, or someone on the insured's behalf, must tender the defense of an action potentially within the policy coverage.") (internal quotation marks and brackets omitted).

The Court concludes that Grosso's claim was tendered to Axis when Reddy Ice submitted notice of the roof collapse. It is evident from the record, and there is no dispute, that Reddy Ice tendered a claim to Axis for the occurrence that caused the loss. Also, as already addressed in previous orders, Axis's policy covered Reddy Ice's insurable interest in the subject property and, pursuant to the terms of the lease agreement, "[i]f any portion of the Premises is damaged or destroyed by fire or other casualty," Reddy Ice bears the burden of repairing, restoring, rebuilding, or replacing "the damaged or destroyed improvements, fixtures or equipment." Dkt. 21-1 at 18. While

Grosso was indeed an insured under the terms of the policy, its rights were limited to those of an "additional insured," and the endorsement of Grosso as an additional insured expressly provided that Axis "will adjust any covered loss only with [Reddy Ice,] the Named Insured." Dkt. 25 at 4. Because the Axis policy covered Reddy Ice's insurable interests in the subject property while also providing that any claim adjustment would be adjusted exclusively with Reddy Ice, Reddy Ice's claim under its policy necessarily "triggered" coverage under the policy.

This complements the Court's previous ruling that Grosso's insured interest under the Axis policy "is coextensive with Reddy Ice's insurable interest under the lease agreement." Dkt. 35 at 13. When Reddy Ice tendered its claim, Axis became obligated to cover the entire loss to Reddy Ice's insurable interest in the subject property, which is the exact same property damage in which Grosso had an insured interest as an additional insured and would be covered by the same insurance payments. The endorsement of Grosso as an additional insured further illustrates this fact by providing that "[a]ny payment will be made jointly to the Named Insured and any person or organization shown on the schedule of this endorsement." Dkt. 25 at 4. It would lead to absurd results to require that both a named insured and an additional insured separately tender claims before an obligation to cover the same property damage was triggered, particularly where the policy expressly states that the insurer will adjust the claim exclusively with the named insured.

Accordingly, the Court concludes that a claim was tendered to Axis on behalf of Grosso when Reddy Ice tendered its claim under the policy on its own behalf. While the

exact details of Reddy Ice's claim to Axis have not been discussed, it is undisputed in the parties' pleadings that such a claim occurred. Furthermore, having found that a claim was tendered on behalf of Grosso, the Court must conclude that Axis's motion for summary judgment must be denied to the extent that it argues Ohio Security's claims are barred by the selective tender rule. Nonetheless, the Court cannot yet enter summary judgment in favor of Ohio Security on the issue of whether Axis is liable on its contribution claims stemming from Ohio Security's payments to Grosso on October 3, 2013 and November 21, 2013. The extent of Reddy Ice's insurable interest in the subject property remains an outstanding dispute of fact in light of the ambiguity of the term "improvements" as it appears in the lease agreement. As noted in a previous order:

> The resolution of this issue will depend primarily on what evidence is presented at trial regarding the intent of Grosso and Reddy Ice in requiring that Reddy Ice insure the "improvements located on the Premises." How the term "improvements" is interpreted may also indicate that there were some damages to the building in which Reddy Ice had an insurable interest and for which Axis owes contribution, even if the term does not include the entirety of the building.

Dkt. 35 at 11.

Accordingly, the Court denies Axis's motion to dismiss Ohio Security's contribution claim for the October 3, 2013 and November 21, 2013 payments to Grosso. The Court grants Ohio Security's motion for summary judgment in part by finding that Ohio Security is entitled to contribution for payments it made to Grosso for property damage insured under Axis's policy. However, such property damage was insured by Axis only to the extent of Reddy Ice's insurable interest in the subject property pursuant to the terms of the lease agreement. Because the extent of Reddy Ice's insurable interest

is an unresolved question of fact, Ohio Security's motion for summary judgment is otherwise denied.

C.     **Statute of Limitations**

In light of the Washington Supreme Court's decision on the certified question, the Court concludes that the statute of limitations bars Ohio Security's claims for equitable contribution on payments made prior to August 28, 2013. Although Ohio Security's complaint was filed on January 16, 2015, Ohio Security failed to perfect service on Axis through the insurance commissioner until August 28, 2015. Accordingly, Ohio Security failed to commence its cause of action for equitable contribution until after the statute of limitations had run on its May 5, 2012 and June 6, 2012 payments to Grosso.

While Ohio Security argues in its most recent pleadings that Axis waived its defense of insufficient service of process (Dkts. 57, 60), such arguments should have been raised in its response to Axis's summary judgment motion and are severely untimely. Regardless, the Court notes that the doctrine of waiver upon which Ohio Security relies prevents a defendant from "lying in wait" while actively litigating a case and then asserting a defense of insufficient service of process only after the statute of limitations has run. *Lybbert v. Grant Cty., State of Wash.*, 141 Wn.2d 29, 41 (2000). No such lying in wait has occurred here. Axis informed Ohio Security that it had not been served as early as March 9, 2015 in response to an email. Dkt. 1-3 at 67. Axis made the statement that it had not been served notwithstanding Ohio Security's return of service showing that service was made to Axis's registered agent on January 28, 2015. *See id.* at 13. Axis's first formal participation in this lawsuit was its notice of appearance filed on

1 | March 19, 2015. *Id.* at 15. A "confirmation of joinder" was then filed on June 9, 2015,

2 | when it asserted that it had not been served. *Id.* at 40. Axis's next participation in the

3 | lawsuit was its answer filed on August 3, 2015, in which Axis plainly asserted that Ohio

4 | Security had failed to serve Axis. *Id.* at 48. Thereafter, on August 25, 2015, Axis

5 | promptly moved to dismiss Ohio Security's claims for contribution based on insufficient

6 | service of process and lack of personal jurisdiction. *Id.* at 51. Axis has always maintained

7 | that Ohio Security failed to serve it properly. Perhaps the Court could reach a different

8 | conclusion if Ohio Security had shown that Axis had engaged in discovery unrelated to

9 | its sufficiency of service defense prior to the defense's assertion. However, Ohio Security

10 | has failed to show that Axis waived its affirmative defense by "fail[ing] to preserve the

11 | defense by pleading it in its answer or other responsive pleading before proceeding with

12 | discovery." *Lybbert*, 141 Wn.2d at 44.

13 | Axis's motion for summary judgment is granted insofar as it asserts that the statute

14 | of limitations bars Ohio Security's contribution claims for payments made prior to

15 | August 28, 2013.

16 | **D.  Leave to Amend**

17 | Finally, the Court notes that Ohio Security uses its supplemental briefing in part to

18 | request leave to file an amended complaint. Dkt. 60 at 5. This request is procedurally

19 | defective and the Court will not consider it other than to note that the Court generally will

20 | not grant leave to file an amended complaint with an outstanding condition precedent.

21 | *See* Dkt. 60 at 5 ("Ohio Security is in the process of obtaining an assignment of Grosso's

22 | rights against Axis, and would like the opportunity to plead a new claim for relief."). If

Ohio Security wishes to file an amended complaint once it obtains an assignment of rights, it must move for leave to amend under the standards of the applicable federal rules and in accordance with the procedure outlined in the local rules. Fed. R. Civ. P. 15(a), 16(b)(4); Local Rules W.D. Wash. LCR 7, LCR 15.

## IV. ORDER

Therefore, the Court hereby **ORDERS** as follows:

1. Ohio Security's motion for summary judgment (Dkt. 22) is **GRANTED in part**. Ohio Security is entitled to contribution for payments it made to Grosso for property damage falling within Reddy Ice's insurable interest in the subject property. Otherwise, the motion is **DENIED**.

2. Axis's motion for summary judgment (Dkt. 19) is **GRANTED in part.** Ohio Security's contribution claims for payments made to Grosso prior to August 28, 2013 are barred by the statute of limitations and are therefore **DISMISSED**. Otherwise, Axis's motion is **DENIED**.

3. Ohio Security's request for leave to file an amended complaint (*see* Dkt. 60 at 5) is **DENIED** without prejudice.

Dated this 6th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge