UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> AXIS INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C15-5698 BHS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiff Ohio Security Insurance Company's ("Ohio Security") motion for leave to amend. Dkt. 67. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL BACKGROUND**

This case concerns insurance coverage for a building located at 9625 32nd Ave. S., Lakewood, Washington, that was used to store ice. In May 2011, Grosso Enterprises Tacoma, LLC ("Grosso") leased the building to Reddy Ice Corporation ("Reddy Ice") for a period of ten years. *See* Dkt. 21-1. On January 20, 2012, a snowstorm caused the

building's roof to become overloaded and collapse. Thereafter, Reddy Ice tendered an insurance claim to its insurer, Axis Insurance Company ("Axis") and Grosso tendered an insurance claim to its insurer, Ohio Security. The Axis insurance policy, issued to Reddy Ice as the "Named Insured," covered a period from August 25, 2011, to August 25, 2012. Dkt. 21-2. The Ohio Security policy was issued to Grosso and covered a period from May 17, 2011, to May 17, 2012. Dkt. 20-1. Both insurance companies began investigating the loss after claims were tendered from the respective insureds.

In December 2012, Axis retroactively issued an endorsement to Grosso naming it as an additional insured under Reddy Ice's Axis policy. Dkt. 21 at 2. The endorsement covered the same time period as the underlying policy, becoming effective August 25, 2011, and ending on August 25, 2012. Dkt. 25 at 4.

Ohio Security accepted coverage and issued four payments to Grosso between May 5, 2012, and November 21, 2013, totaling $1,794,087.10. Dkt. 21-3. Those payments are now in controversy between Ohio Security and Axis.

## II.  PROCEDURAL HISTORY

On January 16, 2015, Ohio Security filed a complaint against Axis in the Pierce County Superior Court for the State of Washington, claiming it is entitled to equitable contribution from Axis on its payments to Grosso in order to rebuild the building that collapsed. Dkt. 1-2. In the same complaint, Grosso asserted a claim against Reddy Ice for breach of contract based on Reddy Ice's alleged failure to insure Grosso according to the terms of their lease agreement. *Id.* Plaintiffs Ohio Security and Grosso filed jointly and were represented by the same counsel. *Id.* Subsequently, Reddy Ice filed for bankruptcy.

Dkt. 71 at 2. On June 16, 2015, following the parties' stipulation, the Superior Court dismissed Grosso's complaint against Reddy Ice with prejudice. Dkt. 1-3 at 41–43.

Axis then moved to dismiss based on insufficient service of process, Dkt. 1-3 at 51–58, and removed the case to federal court. Dkt. 1. On June 20, 2017, following cross-motions for summary judgment and oral argument on the "selective tender" rule and the statute of limitations, Dkt. 43, the Court stayed the case and certified a question on service of process, with bearing on the statute of limitations, to the Washington State Supreme Court. Dkt. 44.[1] On March 22, 2018, the State Supreme Court answered, finding that under Washington law, service on the Insurance Commissioner is "the exclusive means of service for authorized foreign or alien insurers in Washington." *Ohio Sec. Ins. Co. v. Axis Ins. Co.*, 190 Wn.2d 348, 350 (Wash. 2018).

On June 6, 2018, following the parties' supplemental briefing, the Court granted partial summary judgment for each party. Dkt. 64. The Court concluded Ohio Security is entitled to contribution for payments it made to Grosso for property damage insured under Axis's policy, but denied the portion of Ohio Security's motion which argued Axis is conclusively liable on Ohio Security's contribution claims for its payments to Grosso on October 3, 2013 and November 21, 2013. *Id.* The Court granted summary judgment for Axis on its claim that the statute of limitations bars Ohio Security's claim for payments made prior to August 28, 2013, and denied the portion of Axis's motion which argued Ohio Security's claims were barred by the selective tender rule. *Id.* at 8–11. The

---

[1] Additional procedural background of this case is set out in the Court's previous order on cross-motions for summary judgment. *See* Dkt. 64.

Court also denied Ohio Security's motion for leave to amend without prejudice. *Id.* at 1. The extent of Reddy Ice's insurable interest in the property remains disputed. *Id.* at 9.

On August 29, 2018, Ohio Security moved to amend its complaint to include a claim by Grosso against Axis for breach of contract, which Grosso recently assigned to Ohio Security. Dkt. 67. On September 12, 2018, Axis responded. Dkt. 69. On September 19, 2018, Ohio Security replied. Dkt. 71.

### III. DISCUSSION

Axis presents two primary reasons why Ohio Security's motion to amend should be denied. First, Axis argues that Ohio failed to show good cause or diligence under Federal Rule of Civil Procedure 16(b)(4). Dkt. 69. Second, Axis argues that Ohio Security's claim is futile under Federal Rule of Civil Procedure 15(a), because it is barred by the suit limitation provision in its insurance contract. *Id.*[2] The Court finds Ohio Security failed to satisfy Rule 16(b)(4)'s good cause standard, and Ohio Security's new claim is futile under Rule 15(a).

**A.   Rule 16**

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a]

---

[2] Axis also argues the new claim is barred by claim preclusion. Dkt. 69 at 8–10. The Court finds this likely incorrect. The Superior Court's Order of Dismissal dismisses only the complaint by Grosso against Reddy Ice. Dkt. 1-3 at 41–43. While the Stipulation includes "all claims which could have been asserted herein", *id.* at 41, the Order does not, and the Order most likely controls the disposition of claims.

schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the moving party 'was not diligent, the inquiry should end.'" *Neidermeyer v. Caldwell*, 718 Fed. Appx. 485, 489 (9th Cir. 2017), *cert. denied*, No. 17-1490, 2018 WL 2046246 (U.S. Oct. 1, 2018) (quoting *Johnson*, 975 F.2d at 609). A party which "has been aware of the facts and theories supporting amendment since the inception of the action" and has failed to amend despite opportunity to do so has not been diligent. *Id.* at 488–89 (quoting *In re W. States*, 715 F.3d at 737 (internal quotation mark omitted)).

In this case, Ohio Security has failed to show good cause to amend its complaint. Ohio Security seeks leave to amend to add a claim by Grosso, the original first-party plaintiff, against Axis for breach of contract. Dkt. 67. While Grosso has recently assigned this claim to Ohio Security, *Id.* at 2, all of the *facts* supporting amendment (the building collapse in January 2012, Axis's retroactive endorsement of Grosso as an insured in December 2012, and Axis's denial of claims on April 1, 2013) occurred well before Ohio Security and Grosso filed their complaint in January 2015. Dkt. 1-2. All of the legal *theories* (that Axis breached the insurance contract it had with Grosso by denying claims) were apparent at the time of filing. Dkt. 67 at 10. Thus, Ohio Security has not been diligent.

While Ohio Security is correct that a change of law or awareness of a new legal theory can constitute good cause, *Neidermeyer*, 718 Fed. Appx. at 488–89 (citing *In re W. States*, 715 F.3d at 737); *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221 (E.D. Cal. 2008), Ohio Security does not present a situation where new authority made the breach of contract claim available or where the Washington State Supreme Court's ruling on the issue of service made the claim newly viable. Dkts. 67, 71. Grosso's breach of contract claim was previously viable, known to Ohio Security, and could have been filed in the original action, but was excluded for strategic considerations. Dkt. 71, 3:15–16 ("as a matter of judicial economy, it seemed to make more sense to wait until there was an adverse ruling on the service issue . . . . before asserting this breach of contract claim.") The last deadline this Court set for amended pleadings was March 22, 2016. Dkt. 12. Thus, the good cause inquiry ends here. *Neidermeyer*, 718 Fed. Appx. at 488–89.

**B.     Rule 15**

Even if the Court had found good cause for leave to amend under Rule 16(a), Ohio Security's motion fails on the Rule 15 factors. Rule 15 asks whether the amendment shows or would create: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Relevant to the instant motion, an amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "The futility analysis determines whether the proposed amendment would survive a challenge of legal

insufficiency under Federal Rule of Civil Procedure 12(b)(6)." *JPMorgan Chase Bank, N.A. v. KB Home*, 740 F. Supp. 2d 1192, 1197 (D. Nev. 2010) (citing *Miller*, 845 F.2d at 214).

Here, Axis contends that the suit limitation clause in its insurance policy makes a new breach of contract cause of action futile. Dkt. 69 at 10. Ohio Security counters with two points, arguing (1) that the suit limitation policy applies only to the named insured, Reddy Ice, or is at least ambiguous; and (2) that the cause of action accrued after the suit limitation period expired, so the Court should waive the limitation period. Dkt. 67 at 3.

The Court construes an insurance policy as a whole, giving the policy a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Amer. Nat. Fire Ins. Co. v. B & L Trucking and Constr. Co., Inc.*, 134 Wn.2d 413, 427 (1998) (en banc) (internal citations omitted). If the language is clear and unambiguous, the Court must enforce it as written. *Id*. at 429. If the clause is ambiguous, the Court may look to extrinsic evidence of the parties' intent to resolve the ambiguity. *Id*. The Court resolves any remaining ambiguities against the drafter-insurer and in favor of the insured. *Id*. A clause is ambiguous when, on its face, it is fairly susceptible to two reasonable interpretations. *Id*. When the Court relies on inferences drawn from extrinsic evidence, contract interpretation is a question of fact. *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn.App. 706, 711 (2014). Absent disputed facts, the legal effect of a contract is a question of law. *Id*.

First, the contract language is clear and unambiguous with regard to the parties it covers. The clause at issue, titled "Suit" and listed under § D, General Conditions, reads:

> **No suit**, **action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same be commenced within 12 months next after discovery by the Insured of the Occurrence which gave rise to the claim**, provided, however, that if by the laws of the state within which this Policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding is commenced within the shortest limit of time permitted by the laws of such state.

Dkt. 1-3 at 108. The Court agrees with Axis that the clause does not say "No suit by the Insured", which might refer only to the named insured, as Ohio asserts. Dkt. 67 at 3. Though any ambiguity should be resolved against Axis, the policy states "No suit", and unambiguously refers to any suit brought by any parties to the policy. Dkt. 69 at 11.

Second, Ohio Security argues that Washington courts do not enforce contractual limitations periods "when the cause of action does not accrue before the limitation period expires." Dkt. 71 (citing *EPIC v. ClifonLarsonAllen LLP*, 199 Wn.App. 257, 271–72 (2017)). The contract language requires all claims to be "commenced within 12 months next after discovery by the Insured of the Occurrence which gave rise to this claim." Dkt. 1-3 at 108. Ohio Security appears to argue that the January 2012 building collapse is the Occurrence giving rise to the claim, meaning the contracted suit limitations period would have expired in January 2013, thought it does not spell this out. *See* Dkt. 71 at 5:22–26.[3] Axis presents the same reasoning in its response. Dkt. 69 at 10. Thus, Ohio Security appears to contend that the breach of contract accrued on April 1, 2013, when Axis denied the claim, which is after the suit limitation period expired if tallied from the date

---
[3] The Court infers this argument based on Ohio Security's citation of *EPIC* and explanatory parenthetical.

of the building collapse in January 2012. In this scenario, Ohio Security appears to assert that it would be unreasonable to enforce a suit limitations provisions when the claim accrued after the suit limitations period expired. However, this argument "assumes that a court should strike the entirety of an unreasonable contractual limitation provision, rather than conform the contractual limitation within reasonable constraints", when the court could just as easily "enforce the contractual . . . time limit, but rule that the period commenced when [plaintiff] . . . knew of the [defendant's] violation of the standard of care." *EPIC*, 199 Wn.App. at 270. Under this standard, Ohio Security's claim would still be futile even if the Court tolled the suit limitations period until Axis denied the claim.

Accordingly, the Court concludes that even if Ohio Security had shown good cause for leave to amend under Rule 16, its new claim is futile.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Ohio Security's motion for leave to amend, Dkt. 67, is **DENIED**.

Dated this 15th day of October, 2018

BENJAMIN H. SETTLE
United States District Judge